IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JONATHAN BABCOCK,** § § | |
| **Plaintiff,** § § | |
| v. § § | Case No. 3:24-cv-1103 |
| **PN ENTERPRISES-RICHARDSON, LLC D/B/A BOXES TO GO, RAJESH NARULA AND MELWIN KAYAPURATHU, INDIVIDUALLY,** § § § § § § | |
| **Defendants** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jonathan Babcock ("Babcock") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Babcock in accordance with the guarantees and protections of the FLSA.

3. Defendants have failed to pay Babcock at time-and-one-half his regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Babcock consistently worked over forty hours per week.

4. Defendants have also failed to Babcock for all commissions and bonuses that he was promised while he was employed by Defendants.

## II. PARTIES

5. Plaintiff Jonathan Babcock is an individual residing in this judicial district.

6. PN Enterprises-Richardson, LLC d/b/a Boxes to Go ("PN Enterprises-Richardson, LLC") is a Texas Limited Liability Company that employed Babcock.

7. PN Enterprises-Richardson, LLC's registered agent for service of process is Rajesh Narula and he may be served at 777 S. Central Expressway, Suite 1 E, Richardson, Texas 75080.

8. At all times relevant to this claim, PN Enterprises-Richardson, LLC was an employer of Babcock as defined by 29 U.S.C. §203(d).

9. Rajesh Narula is an individual who is also the Director of PN Enterprises-Richardson, LLC. He may be served at 777 S. Central Expressway, Suite 1 E, Richardson, Texas 75080.

10. At all times relevant to this claim, Rajesh Narula acted directly or indirectly in the interest of PN Enterprises-Richardson, LLC in relation to Babcock's employment.

11. Rajesh Narula was an employer of Babcock as defined by 29 U.S.C. §203(d).

12. Melwin Kayapurathu is an individual who describes himself as the "new owner of Boxes to Go" on the website linked to his company, JZ Enterprise, LLC.[1] Mr. Kayapurathu is and/or was an

---

[1] Mr. Kayapurathu stated the following on the website associated with his LLC, JZ Enterprise LLC: "Becoming an entrepreneur for the first time in 2022, Melwin Z Kayapurathu is the new owner of Boxes To Go & Just For You in Richardson, Texas. Purchasing the company from the previous owner, which was originally established in 1982, he is excelling in his leadership position. In addition to providing superior customer service, Melwin is very knowledgeable in his role. Offering a broad spectrum of products and services to customers, from moving and shipping boxes to

owner of PN Enterprises-Richardson, LLC during the period of time Plaintiff was employed by Defendants. He may be served at 777 S. Central Expressway, Suite 1 E or Suite 1G, Richardson, Texas 75080, or at 5511 Parkcrest Dr., Suite 103, Austin, Texas 78731.

13. At all times relevant to this claim, Melwin Kayapurathu acted directly or indirectly in the interest of PN Enterprises-Richardson, LLC in relation to Babcock's employment.

14. Melwin Kayapurathu was an employer of Babcock as defined by 29 U.S.C. §203(d).

15. At all relevant times, Rajesh Narula and Melwin Kayapurathu exercised managerial responsibilities and substantial control over the employees of PN Enterprises-Richardson, LLC, including Babcock, and the terms and conditions of his employment.

16. At all relevant times, Rajesh Narula and Melwin Kayapurathu had the authority (and exercised that authority) to hire, fire and direct employees of PN Enterprises-Richardson, LLC, including Babcock.

17. At all relevant times, Rajesh Narula and Melwin Kayapurathu had the authority (and exercised that authority) to supervise and control the employment relationships and work schedules of employees of PN Enterprises-Richardson, LLC, including Babcock.

18. At all relevant times, Rajesh Narula and Melwin Kayapurathu had the authority (and exercised that authority) to set and determine the rate and method of pay of employees of PN Enterprises-Richardson, LLC, including Babcock.

19. At all relevant times, Rajesh Narula and Melwin Kayapurathu had the authority (and exercised that authority) to decide whether employees of PN Enterprises-Richardson, LLC received overtime compensation, including Babcock.

---

furniture covers, shipping tubes and other supplies, customers can purchase items in-store seven days a week or online at their convenience. Prior to purchasing Boxes To Go, Mr. Melwin spent two years as a delivery driver for the company." The site www.jzllc.us, last visited about 3 months ago, is no longer visible, although it still exists.

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Dallas County, Texas, which is in this District and Division. Babcock was an employee of Defendants, and performed work for Defendants in and around Dallas County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

22. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Babcock.

23. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that each Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that each enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all relevant times, Babcock was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

27. As a manager at Boxes to Go, Babcock handled items such as telephones, computers, credit card machines, boxes, packing tape, and cleaning supplies and equipment, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

28. Defendants operate a Boxes to Go store in Richardson, Texas.

29. Babcock was employed by Defendants as a manager.

30. Babcock began working for Defendants on April 5, 2022, and his employment ended on May 28, 2023.

31. Babcock was wrongfully classified by Defendants as an independent contractor for almost the entirety of his employment with Defendants.

32. Defendants employed Babcock as a front desk manager at Defendants' Boxes to Go store in Richardson, Texas.

33. In addition to performing duties at the Boxes to Go store, Babcock was also tasked with performing consulting work for each of the individual owners' other businesses.  However, Babcock was paid for all work through Defendant PN Enterprises-Richardson, LLC.

34. Throughout his employment, Defendants paid Babcock what was supposed to be a salary, but Babcock's salary fluctuated based on hours worked.

35. Babcock was also supposed to be paid packing fee commissions, but Defendants refused to pay Babcock for all commissions he earned.

36. Babcock was also supposed to receive bonuses in months when net sales exceeded a specified number. Defendants never paid these bonuses, even when all preconditions to the payment of a bonus had been met.

37. Babcock worked, on average, approximately 60 hours per week.

38. During all times relevant to this action, Babcock was a non-exempt employee.

39. Babcock routinely worked long hours and consistently worked more than forty hours per week.

40. Defendants did not pay Babcock any overtime premiums for any hours worked over forty per workweek.

41. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Babcock.

## VI. CAUSES OF ACTION:

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

42. Babcock incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

43. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Babcock for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rate for which he was employed.

44. Defendants have acted willfully in failing to pay Babcock in accordance with applicable law.

## B. BREACH OF CONTRACT AND/OR QUASI CONTRACT

45. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

46. During the course of Plaintiff's employment, Plaintiff and Defendants entered into a valid and enforceable contract regarding payment of both commissions and bonuses in exchange for services rendered by Plaintiff.

47. Pursuant to this contract, Defendants were obligated to pay Plaintiff the full amount of his agreed upon commissions and bonuses as they accrued.

48. Plaintiff performed all of his contractual obligations.

49. Defendants breached this contract by failing to pay Plaintiff all commissions and bonuses he was owed under the above-referenced contract.

50. Defendants' breach caused injury to Plaintiff, which resulted in damages.

51. By virtue of the filing of this Original Complaint, Plaintiff has made presentment to Defendants as per Texas Civil Practice and Remedies Code, § 38.002.

52. Plaintiff also seeks to recover damages against Defendants for the full amount of his unpaid bonuses and commissions under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

## VII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Babcock prays for judgment against Defendants jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Babcock and for liquidated damages equal in amount to the unpaid compensation found due to Babcock;

  b. For an Order finding Defendants liable to Babcock for all unpaid bonuses and commissions;

  c. For an Order awarding Babcock the taxable costs and allowable expenses of this action;

  d. For an Order awarding Babcock attorneys' fees;

  e. For an Order awarding Babcock pre-judgment and post-judgment interest at the highest rates allowed by law;

  f. For an Order awarding Babcock declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

  g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

    Respectfully Submitted,

    **WELMAKER LAW, PLLC**
    409 N. Fredonia, Suite 118
    Longview, Texas 75601
    Tel: (512) 799-2048

    By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

    **ATTORNEY FOR PLAINTIFF**