IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN BABCOCK, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Case No. 3:24-cv-1103 |
| PN ENTERPRISES-RICHARDSON, LLC | § | |
| D/B/A BOXES TO GO, RAJESH | § | |
| NARULA AND MELWIN | § | |
| KAYAPURATHU, INDIVIDUALLY, | § | |
| | § | |
| *Defendants*. | § | |

# DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants PN Enterprises-Richardson, LLC ("PN Enterprises"), Rajesh Narula ("Narula"), and Melwin Kayapurathu ("Kayapurathu") (collectively "Defendants") file this Answer and Affirmative Defenses to Plaintiff Jonathan Babcock's ("Babcock" or "Plaintiff") Original Complaint [Dkt. 1] (the "Complaint").

## I.   ANSWER

1.   The allegations contained in Paragraph 1 of the Complaint constitute a legal conclusion to which no responsive pleading is required; thus, that allegations are denied.

2.   With regard to the allegations in Paragraph 2 of the Complaint, Defendants deny that they violated the FLSA or any other law.  Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.   Defendants deny the allegations in Paragraph 3 of the Complaint.

4.   Defendants deny the allegations in Paragraph 4 of the Complaint.

5.   With regard to Paragraph 5 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff resides in

this judicial district; therefore, the allegation is denied.  Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. With regard to Paragraph 6 of the Complaint, Defendants admit only that PN Enterprises is a Texas Limited Liability Company and that PN Enterprises employed Babcock. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7. With regard to Paragraph 7, Defendants admit only that Rajesh Narula is a registered agent for PN Enterprises and may be served at 777 S. Central Expressway, Suite 1-E, Richardson, Texas 75080.  Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

9. With regard to Paragraph 9 of the Complaint, Defendants admit only that Rajesh Narula was the Director of PN Enterprises and may be served at 777 S. Central Expressway, Suite 1-E, Richardson, Texas 75080.  Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

12. With regard to Paragraph 12 of the Complaint, Defendants admit only that Melwin Kayapurathu was an owner of PN Enterprises during Babcock's employment and may be served either at 777 S. Central Expressway, Suite 1-E, Richardson, Texas 75080 or 5511 Parkcrest Dr., Suite 103, Austin, Texas 78731.  With regards to Plaintiffs allegations concerning the website linking Kayapurathu to PN Enterprises, the website speaks for itself, and therefore Defendants

deny remaining allegations regarding the website. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit the allegations in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. With regard to Paragraph 16 of the Complaint, Defendants admit only that Narula and Kayapurathu had the authority to hire, fire, and direct employees of PN Enterprises, including Babcock. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. With regard to Paragraph 17 of the Complaint, Defendants admit only that Narula and Kayapurathu had the authority to supervise and control the employment relationships and work schedules of employees of PN Enterprises, including Babcock. Defendants deny the remaining allegations in Paragraph 16 of the Complaint. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. With regard to Paragraph 18 of the Complaint, Defendants admit only that Narula and Kayapurathu had the authority to set and determine the rate and method of payment for employees of PN Enterprises, including Babcock. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19. With regard to Paragraph 19 of the Complaint, Defendants admit only that Narula and Kayapurathu had the authority to decide whether employees of PN Enterprises, including Babcock, received overtime compensation. Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20. With regard to the allegations in Paragraph 20 of the Complaint, Defendants admit only that this Court has subject matter jurisdiction over the federal claims asserted in the Complaint. The allegation that the Court has personal jurisdiction over the parties constitutes legal conclusions to which no responsive pleading is required; thus, those allegations are denied. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. With regard to the allegations contained in Paragraph 21 of the Complaint, Defendants admit only that they employed Babcock who performed work in or around Dallas County, Texas. The remaining allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

24. The allegations in Paragraph 24 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

25. With regard to the allegations in Paragraph 25 of the Complaint, Defendants deny that they have done $500,000 or more in annual gross volume sales. The remaining allegations in Paragraph 25 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

26. The allegations in Paragraph 26 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

27. The allegations in Paragraph 27 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. With regard to Paragraph 29 of the Complaint, Defendants admit only that Babcock was eventually moved into the position of manager. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 of the Complaint constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

32. With regard to Paragraph 32 of the Complaint, Defendants admit only that Babcock was eventually moved into the position of manager. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33. With regard to Paragraph 33 of the Complaint, Defendants admit only that Babcock was paid for all work through PN Enterprises. Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34. With regard to the allegations in Paragraph 34 of the Complaint, Defendants admit only that Babcock was paid a salary for the majority of his employment. Defendants deny that Babcock's salary fluctuated based on the amount of hours Babcock worked. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. With regard to Paragraph 35 of the Complaint, Defendants admit only that Babcock was paid packing fee commissions. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36. With regard to Paragraph 36 of the Complaint, Defendants admit only that Babcock was eligible for a bonus when net sales exceeded a certain amount. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. With regard to the allegations in Paragraph 42 of the Complaint, Defendants reassert and incorporate all admissions and denials included in the preceding paragraphs. Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43. With regard to Paragraph 43 of the Complaint, Defendants deny that they violated the FLSA. The remaining allegations constitute legal conclusions to which no responsive pleading is required: thus, those allegations are denied.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. With regard to the allegations in Paragraph 45 of the Complaint, Defendants reassert and incorporate all admissions and denials included in the preceding paragraphs. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

51. The allegations in Paragraph 51 constitute legal conclusions to which no responsive pleading is required; thus, those allegations are denied.

52. With regard to Paragraph 52, Defendant admits only that Babcock purports to seek unpaid bonuses and commissions under the Texas common law for promissory estoppel, unjust enrichment, or money had and received. Defendants deny Babcock is entitled to such damages and deny the remaining allegations in Paragraph 52 of the Complaint.

53. The unnumbered Paragraph following Paragraph 52 of the Complaint, and all subparagraphs thereto, contains Babcock's prayer for relief, to which no response is required. Defendants deny that Babcock is entitled to any relief, including the relief identified in the unnumbered Paragraph following Paragraph 52 of the Complaint, and all sub-paragraphs thereto. Defendants deny the remaining allegations contained in the unnumbered Paragraph following Paragraph 52 of the Complaint, and all sub-paragraphs thereto.

## II. DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The claims of Plaintiff are barred, in whole or in part, by the applicable statute of limitations.

3. The claims of the Plaintiff are barred, in whole or in part, because he has been paid and/or received all compensation due to him.

4. The claims of Plaintiff are barred as to all hours during which Plaintiff was engaged in non-work activities during their purported work hours.

5. The claims of Plaintiff are barred, in whole or in part, to the extent they seek compensation under the FLSA for activities that were not compensable.

6. The claims of Plaintiff are barred as to all hours allegedly worked of which Defendants lacked actual or constructive knowledge.

7. The claims of Plaintiff are barred, in whole or in part, by the exemptions under 29 U.S.C. § 213 and any applicable state law, including without limitation the administrative exemption, executive exemption, professional exemption, highly compensated exemption, and/or any combination thereof.

8. The regulations of the Department of Labor ("DOL") contained in 29 C.F.R. part 541 that purport to require that employees be paid on a "salary basis"—as defined in those regulations—in order to qualify for certain of the FLSA exemptions contained in 29 U.S.C. § 213(a)(1), are unconstitutional and/or otherwise invalid on their face and/or as applied to Defendants to the extent Plaintiff is found to qualify for the job duties requirements of one or more of the FLSA exemptions to which those "salary basis" regulations purport to apply, but found to not qualify for the "salary basis" provisions of those regulations.

9. If Plaintiff is able to show a violation of the FLSA (which Defendants specifically deny), either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the FLSA. Thus, a three-year statute of limitations and liquidated damages would not be warranted.

10. If Plaintiff is able to show a violation of the FLSA (which Defendants specifically deny), Defendants are entitled to seek a set-off or offset for any compensation paid to them beyond that to which they were entitled, including for any personal time spent during hours for which compensation was paid.

11. Plaintiff's damages are limited by the provisions of the FLSA, including without limitation the limitations contained in 29 U.S.C. §216(b) and 29 U.S.C. § 260.

12. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216(b) and 260.

13. To the extent sought, the simultaneous recovery of liquidated damages and pre-judgment interest is not available under the FLSA.

14. If Plaintiff is able to show that he is entitled to overtime pay (which Defendants specifically deny), Plaintiff would be entitled to no more than one-half their regular rate of pay for any overtime hours worked each workweek.

15. Defendants reserves the right to assert additional defenses and affirmative defenses at such time and to the extent warranted by the discovery and factual development in this case.

### III.   ATTORNEYS' FEES AND COSTS

Defendants seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fee, costs, and expert witness fees, pursuant to all applicable law.

### IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants prays that Plaintiff take nothing by this lawsuit and that Defendants recover all of its attorneys' fees, costs, and expert witness fees, and all other relief at law or in equity to which Defendants is justly entitled.

|  |  |
|---|---|
| **Dated:  July 15, 2024** | BAKER & HOSTETLER LLP |
|  | By:*/s/ Mark D. Temple*<br>Mark D. Temple, *attorney-in-charge*<br>Texas Bar No. 00794727<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Telephone: (713) 751-1600<br>Facsimile: (713) 751-1717<br>mtemple@bakerlaw.com<br><br>L. David Anderson<br>Texas Bar No. 00796126<br>2850 North Harwood Street, Suite 1100<br>Dallas, Texas 75201<br>Phone: (214) 210-1200<br>Facsimile: (214) 210-1201<br>danderson@bakerlaw.com<br><br>**ATTORNEYS FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on July 15, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to counsel of record:

Douglas B. Welmaker
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas, 75601

                                              */s/ Mark D. Temple*
                                              Mark D. Temple